UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**WILLIAM H. SANDERS,**

                            **Plaintiff,**

                    **-v-**                                      **5:06-CV-307**

**NEW VENTURE GEAR,**

                            **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

William H. Sanders
Plaintiff, *Pro Se*

Hancock & Estabrook, LLP
John T. McCann, Esq., of counsel
1500 MONY Tower I
Syracuse, New York 13221

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In this *pro se* action, commenced on March 9, 2006, plaintiff states he was formerly employed by New Venture Gear ("NVG") and represented by United Auto Workers of America Local 634 ("union") pursuant to a collective bargaining agreement. Plaintiff is proceeding *in forma pauperis*. Liberally construed, plaintiff's second amended complaint (Dkt. No. 9) may be read to claim that NVG, the union, and individual defendants discriminated against him on the basis of his race and/or subjected him to unfair labor practices (breach of the duty of fair representation and breach of the collective bargaining agreement). Defendant moves (Dkt. No. 18) to dismiss the action. For the reasons that follow, the motion is granted and the second amended complaint dismissed.

In addition to addressing NVG's motion, the Court sets forth herein the rationale for its *sua sponte* dismissal of plaintiff's claims against the union and certain claims against the individual defendants. These claims were effectively dismissed as a result of the November 15, 2006 Decision & Order (Dkt. No. 10) allowing the case to go forward only against NVG; however, that order inadvertently omitted to state the rationale for dismissing these claims. The order expressly held that plaintiff's claims under 42 U.S.C. § 2000e, *et seq.* ("Title VII") against the individual defendants could not proceed because an individual cannot be personally liable under Title VII. However, to the extent that the second amended complaint can be read to assert "non-Title-VII" claims against individual defendants, the order did not set forth any ground for dismissing such claims. Nor did it set forth any ground for dismissing the claims against the union. As explained below, these claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

In his second amended complaint, plaintiff states he was employed by defendant until he received a letter, dated March 21, 1995, terminating him for unexplained absence from work. Plaintiff avers he had not been absent without explanation but rather had been taken out of work by a physician due to an injury. On April 4, 1995, the union filed a grievance protesting his termination. It appears from plaintiff's submissions that he received notification of the termination no later than April 10, 1995.

The second amended complaint further asserts that on March 7, 2005, plaintiff learned that when he was terminated in 1995, he "was placed into the system as a Code 19, which indicates 'quit[.]'" Plaintiff claims this was incorrect and he "should have been placed in the system as a Code 52, which is Workers Compensation." Beginning in March 2005, plaintiff unsuccessfully requested NVG to change his employment records from code 19 to code 52.

Beginning in September 2005 he requested the union to file a grievance regarding the code. He claims the union ignored his requests.

On March 8, 2005, plaintiff filed an employment discrimination charge with New York State Division of Human Rights ("SDHR") against New Venture Gear. The charge was "dual filed" with Equal Employment Opportunity Commission ("EEOC"). On January 13, 2006, EEOC sent plaintiff a "Dismissal and Notice of Rights," dismissing the charge as untimely.

NVG moves to dismiss on the ground that the Title VII claims against it are time-barred. Under Title VII, a complainant must file an administrative charge within 300 days of the alleged discriminatory practice. 42 U.S.C. § 2000e-5(e). Here, the discriminatory practices of which plaintiff complains are events relating to his termination, which occurred in 1995. Clearly, the filing of the charge with SDHR in March 2005 is untimely and cannot support a Title VII claim.

Turning to consider plaintiff's Title VII claims against the union, the Court notes that plaintiff's SDHR/EEOC filing was directed solely towards NVG and did not name the union. Plaintiff's failure to file an administrative charge against the union precludes a Title VII claim against it. In any event, as with NVG, an administrative filing against the union in 2005 would be time-barred. And, as this Court previously held, there can be no individual liability under Title VII. Thus, all Title VII claims are dismissed against all defendants.

The second amended complaint may also be read to assert a claim under 42 U.S.C. § 1983 ("section 1983"). However, any section 1983 claim must be dismissed because plaintiff cannot show that any defendant – NVG, the union, or the individual defendants – acted "under color of state law." *See Mehrhoff v. William Floyd Union Free Sch. Dist.*, 2007 WL 4591741, *2-*3 (E.D.N.Y.).

To the extent that the second amended complaint may be read to assert a claim under 42 U.S.C. § 1981 ("section 1981") for race discrimination, it is time-barred.  It is not necessary to determine whether the limitations period applicable here is three years or four years, *see McCray v. City of N.Y.*, 2007 WL 4352748, *13, n.16 (S.D.N.Y.); in either case, any section 1981 claim is time-barred because it would have accrued in 1995.  There is no basis to find a continuing violation, because plaintiff complains of discrete acts – his termination and the assignment of the allegedly improper code to his termination – which took place in 1995.  The fact that he may continue to suffer the effects of those acts does not give rise to a continuing violation.  *See Elmenayer v. ABF Freight Sys., Inc*. 318 F.3d 130, 134-35 (2d Cir. 2003).  Nor can plaintiff revive the claim simply by asking NVG to change the code.  *See, e.g., Delaware State College v. Ricks*, 449 U.S. 250, 261, n.15 (1980) ("Mere requests to reconsider ... cannot extend the limitations periods applicable to the civil rights laws.").

Plaintiff asserts claims against the union and individual union officials for discriminatory breach of the duty of fair representation and breach of the collective bargaining agreement.  *See* Labor Management Relations Act, 29 U.S.C. § 185.  As a matter of law, the union's refusal in 2005 to pursue plaintiff's grievance regarding NVG's coding of his termination ten years earlier cannot amount to a breach of any obligation to plaintiff; the union has no obligation to pursue a meritless grievance, and, as this Court has already concluded, plaintiff's claims against NVG lack merit.  *See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1153-54 (2d Cir.1994) ("[T]he duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance.").  As such, plaintiff cannot prove that the union's

conduct in 2005 was arbitrary, discriminatory, or in bad faith.  *See Wilder v. GL Bus Lines*, 258 F.3d 126, 269 (2d Cir. 2001) (stating that a union breaches its duty of fair representation only when its actions are "so far outside a wide range of reasonableness" as to be "wholly arbitrary, discriminatory, or in bad faith.").  Further, any claim based on the union's conduct in 1995 would be time-barred.  Thus, although the union and the individual defendants have not moved to dismiss, the Court *sua sponte* dismisses the claims against them on the grounds that the action is frivolous and fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i),(ii) (mandating that "the court shall dismiss the case at any time" in an *in forma pauperis* proceeding if the court finds that it is frivolous or fails to state a claim on which relief may be granted.).  To the extent that the second amended complaint asserts a claim against NVG for breach of the collective bargaining agreement, it lacks merit for the same reasons.

After accepting as true all of plaintiff's factual allegations, drawing all inferences in his favor, and construing his claims liberally, the Court concludes that it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.  Nor, despite two amendments to the complaint, is there any indication in the record that a valid claim might be stated.

It is therefore

ORDERED that New Venture Gear's motion (Dkt. No. 18) is granted; and it is further

ORDERED that the second amended complaint is dismissed on the merits in its entirety.

IT IS SO ORDERED.

February 4, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge